UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:00-CR-00110-1-F
No. 7:12-CV-00149-F

| | |
|---|---|
| GIDEON X. MELVIN, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

Petitioner Gideon Melvin has filed a Motion for Reconsideration [DE-71] and Supplement [DE-72] concerning the order entered herein on June 11, 2012, dismissing Melvin's § 2255 petition as successive [DE-69]. Melvin argues that his May 31, 2012, Motion to Vacate, Set Aside or Correct his sentence in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) should not be deemed as a "second or successive" petition under § 2255(h).

The court has reviewed Melvin's arguments and the record in this case. Having done so, it is ORDERED that the Motion for Reconsideration [DE-71] and Supplement [DE-72] thereto are ALLOWED, and this court's June 11, 2012, order [69] hereby is WITHDRAWN.

However, in reviewing the record herein, including the judgments entered in the prior state convictions used as predicates for Melvin's Armed Career Criminal status, the court concludes that the *Simmons* decision has no effect on Melvin's conviction for possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). The *Simmons* case was concerned specifically with North Carolina's Structured Sentencing Act. All three of the predicate convictions predated the effective date of that Act – October 1, 1994. As the state court judgments reflect, each of those three convictions was punishable by ten years, and therefore qualified as a "serious drug offense" pursuant to 18 U.S.C. § 924(e)(2), even though the sentences actually imposed thereon were less than ten years.

Accordingly, although Melvin's Motion for Reconsideration [DE-71] is ALLOWED and the order of June 11, 2012, order [DE-69] WITHDRAWN, Melvin's § 2255 motion [DE-68] is DENIED as meritless, and this action is DISMISSED. Melvin's court-appointed counsel advised him correctly that his conviction and sentence are not affected by the *Simmons* decision, even if this petition were timely and not successive.

CERTIFICATE OF APPEALABILITY

The court must determine whether Melvin has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c), which provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a careful review of Melvin's motion, together with the record herein, leads the court to conclude that he has not met the standard for issuance of a certificate of appealability on the issue whether he is entitled to a reduction in his sentence in light of the law, facts and circumstances of this case. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the 15th day of August, 2012.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge